UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARY HARVELL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:22-cv-00899-AGF |
| | ) |
| SAFECO INSURANCE, | ) |
| | ) |
|     Defendant. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Plaintiff Gary Harvell's motion (ECF No. 6) to remand following removal to this Court by Defendant Safeco Insurance Company of Illinois[1] on diversity grounds. For the reasons set forth below, the motion to remand will be denied.

Plaintiff filed this action against Defendant for underinsured motorist (UIM) coverage and vexatious refusal to pay in the Circuit Court of Jefferson County, Missouri. In his petition, Plaintiff alleges that, as the result of a motor vehicle accident with an underinsured motorist, he sustained "permanent, progressive and disabling" injuries to his "neck, back, lower ribs, chest[,] shoulders and legs[.]" ECF No. 5 at 2. Plaintiff claims that he is "entitled to collect the proceeds of" the UIM policy issued by Defendant, and he

---

[1] In its Notice of Removal, Defendant notes its name was "[i]mproperly plead as Safeco Insurance" in Plaintiff's petition. ECF No. 1. Plaintiff does not dispute that Safeco Insurance Company of Illinois is the correct Defendant. Therefore, the Court will order the parties to promptly meet and confer and file any appropriate motion or amended pleading to name the correct Defendant.

1

seeks "money damages as is fair and reasonable under the circumstances, together with costs expended herein, and for such other relief as this Court deems reasonable and proper." *Id.* at 2.

Defendant removed the action to this Court, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff moves to remand, alleging that the Court lacks jurisdiction because the amount in controversy does not exceed the jurisdictional threshold of $75,000.[2] In support of his position, Plaintiff alleges that, in response to his claim for UIM coverage under his policy, Defendant sent him a letter stating that Plaintiff "ha[d] been fully compensated by the tortfeasor's limits" of $25,000. ECF No. 6 at 1. With his motion to remand, Plaintiff filed copies of his demand letter and Defendant's response. ECF Nos. 6-1, 6-2.

Defendant opposes remand, arguing that the preponderance of the evidence establishes that the amount in controversy exceeds $75,000. ECF No. 11. Defendant maintains that Plaintiff demanded more than the jurisdictional amount because he "made a demand for payment of his underinsured policy coverage," which "has a limit of liability up to $250,000.00." *Id.* Additionally, pointing to Plaintiff's claim for vexatious refusal to pay and the attendant request for attorney fees, Defendant asserts that juries considering vexatious-refusal claims against insurance companies have awarded attorney fees in amounts exceeding $75,000. *Id.*

---

[2] Plaintiff acknowledges that the parties' states of citizenship are diverse, both as to the originally named Defendant, Safeco Insurance, and as to the apparently correct entity, Safeco Insurance Company of Illinois. *See* ECF No. 6 at 1.

A defendant may remove to federal court any state court civil action over which the federal court could exercise original jurisdiction. 28 U.S.C. § 1441(a). A federal court has original diversity jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). A federal court's jurisdiction is measured at the time of filing, or, for a removed case, at the time of removal. *See Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822-23 (8th Cir. 2011).

Under 28 U.S.C. § 1446(c)(2), "the sum demanded in good faith in the initial pleading [is] deemed the amount in controversy." Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (citing 28 U.S.C. § 1446(c)(2)(A)). To assert the amount in controversy adequately in the removal notice, the defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and "need not [include] evidentiary submissions." *Id*. at 89, 84. "Evidence establishing the amount in controversy is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation" in the notice of removal. *Id*. at 89; *see also* 28 US.C. § 1446(c)(2)(B) (removal based on an amount in controversy in the notice of removal is proper if the court "finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)").

Importantly, "when determining the amount in controversy, the question is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might*

3

legally conclude that they are." *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013) (emphasis in original) (internal quotation marks and citations omitted); *accord Dammann v. Progressive Direct Ins. Co.*, 856 F.3d 580, 584 (8th Cir. 2017). If a defendant demonstrates the minimum amount in controversy by a preponderance of the evidence, then "remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).

The Court finds that Defendant has established by a preponderance of the evidence that the jurisdictional minimum is satisfied. As Defendant points out, Plaintiff claims that he sustained injuries to his neck, back, lower ribs, chest, shoulders, and legs. Plaintiff further alleges that those injuries are permanent, progressive, and disabling. Notably, the language in neither the petition nor motion to remand forecloses the possibility that Plaintiff will seek, much less recover, more than $75,000. If a jury were to find in Plaintiff's favor on his claim for UIM coverage, Plaintiff's damages could reasonably exceed $75,000. *See, e.g., Howerton v. Am. Fam. Mut. Ins. Co., S.I.*, No. 4:21-CV-00102-NAB, 2021 WL 779551, at *2 (E.D. Mo. Mar. 1, 2021).

In addition to seeking damages under the insurance policy, Plaintiff's Count II alleges vexatious refusal to pay and requests attorney fees. As Defendant asserts in its memorandum opposing Plaintiff's motion to remand, recent cases claiming vexatious refusal to pay have resulted in jury awards of over $75,000, in part due to large attorneys' fees awards. *Perkins v. Safeco Ins. Co. of Am.*, No. 4:21-CV-155-SNLJ, 2021 WL 3033406, at *1 (E.D. Mo. July 19, 2021) (citing *Henderson v. Shelter Mutual Ins. Co.*, No.

4

17-JC-CC00108 (Cir. Court Jefferson County, Mo., Nov. 18, 2018) ($82,950 in attorneys' fees) and *Qureshi v. Am. Family Mut. Ins. Co.*, No. 1522-CC10460 (Cir. Court of City of St. Louis, Dec. 4, 2018) (over $96,000 in attorneys' fees)).

Because Defendant satisfied its burden to show that the jurisdiction amount is met, remand is appropriate only if Plaintiff "establish[es] that it is legally impossible to recover in excess of [$75,000]." *Bell*, 557 F.3d at 959. Plaintiff presents no such evidence or argument. The Court therefore finds that it has diversity jurisdiction over this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand is **DENIED**. ECF No. 6.

**IT IS FURTHER ORDERED** that the parties shall promptly meet and confer and file any appropriate motion or amended pleading to name the correct Defendant.

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 27th day of October, 2022.